1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    KELVIN LAMONTE CHAPMAN,

11              Petitioner,              No. CIV S-10-2292 JAM CKD P

12        vs.

13    RICK HILL, Warden,

14              Respondent.             FINDINGS AND RECOMMENDATIONS

15    _____/

16             Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a

17    petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's

18    motion to dismiss the petition as untimely filed.  Petitioner has filed an opposition to that motion

19    and respondent has filed a reply.  For the reasons discussed below, the undersigned will

20    recommend that respondent's motion to dismiss be granted.

21                              BACKGROUND

22             In 1999, petitioner shot and killed Israel Cervantes by firing two shots into his

23    chest.  He fired additional shots toward Cervantes' friends.  Petitioner admitted as much at trial,

24    but argued that he did so in reasonable self defense, as he believed Cervantes and his friends

25    were members of the Sureno gang and that Cervantes – whom petitioner had never met before –

26    was about to kill him.  After petitioner shot Cervantes, other members of Cervantes' group

1

1   moved toward petitioner.  Petitioner fired shots in their direction into the air to scare them off,

2   and fled.  (Dkt. No. 21-1 at 4-5.)

3          Petitioner now challenges a 2000 judgment of conviction entered against him in

4   the Solano County Superior Court on charges of second degree murder  (Cal. Penal Code

5   § 187(a)) with the use of a firearm (§§ 12022.5(a)(1), 12022.53(d)) and three counts of assault

6   with a firearm (id., § 245(a)(2)) with the use of a firearm (id., §§ 12022.5(a), (d) and

7   1192.7(c)(8)).  Petitioner, who had two prior felony convictions for possession of cocaine for

8   sale, was sentenced to state prison for an indeterminate term of 40 years to life: 15 years to life

9   for the murder, plus 25 years to life for the firearm use.  He was also sentenced to a consecutive

10  determinate term of seven years for assault with a firearm.  (Dkt. No. 1 ("Ptn."); Dkt. No. 21-1,

11  Ex. A ("Opinion") at 2; Dkt. No. 21-1, Ex. B at 25-26[1].)

12         Petitioner appealed from his conviction to the California Court of Appeal for the

13  First Appellate District.  (Opinion at 2.)  On September 28, 2001, the state appellate court

14  affirmed the judgment of conviction.  (Id.)  Petitioner then sought review in the California

15  Supreme Court, which was denied on December 12, 2001.  (Dkt. No. 21-2, Ex. C at 2.)

16         On August 27, 2002, petitioner filed a habeas corpus petition in the California

17  Supreme Court.  (Dkt. No. 21-2, Ex. E at 62-76.)  The petition was denied on February 11, 2003.

18  (Dkt. No. 21-2, Ex. F at 78.)

19         Five years later, on February 15, 2008, petitioner filed a habeas corpus petition in

20  the California Court of Appeal, First Appellate District.  (Dkt. No. 21-5, Ex. K at 83.)  The

21  petition was denied on February 28, 2008.  (Id.)

22         On June 23, 2009, petitioner filed a petition for habeas corpus in the Solano

23  County Superior Court.  The superior court denied the petition on September 28, 2009, noting

24  that it "challenges a conviction that occurred nine years ago in 2000 and may be denied for

25

26  _____

   [1] Record citations refer to page numbers assigned by the court's docketing system.

2

1  substantial delay[,]" with citations to In re Clark, 5 Cal. 4th 750 (1993) and In re Robbins, 18

2  Cal. 4th 770, 780 (1998).  (Dkt. No. 1-3, Ex. E at 47-50.)

3         On October 23, 2009, petitioner filed a second habeas petition in the California

4  Court of Appeal, First Appellate District, which was denied on October 29, 2009.  (Dkt. No. 21-

5  2, Ex. D at 60; Ex. G at 80.)

6         On November 13, 2009, petitioner filed a second habeas corpus petition in the

7  California Supreme Court.  (Dkt. No. 21-3, Ex. H at 2-48.)  The petition was denied on May 20,

8  2010, with citation to In re Clark and In re Robbins, supra.  (Dkt. No. 21-3, Ex. I at 50.)

9         On July 27, 2010, petitioner filed a federal habeas petition in the Northern District

10 of California.  (Ptn.)  On August 26, 2010, the petition was transferred to this district.  (Dkt. No.

11 5.)

12                            PARTIES' ARGUMENTS

13         Respondent contends that the one-year statute of limitations for the filing of a

14 federal habeas petition in this case began to run on March 12, 2002, when petitioner's judgment

15 of conviction became final; thus, absent tolling, petitioner's deadline for filing a federal petition

16 was March 12, 2003.  (Dkt. No. 21 ("Mtn.") at 5.)  Respondent concedes that the limitations

17 period was tolled for 5 1/2 months between August 27, 2002 and February 11, 2003, while

18 petitioner's first state habeas petition in the California Supreme Court was pending.  (Id. at 7-8.)

19 However, respondent contends, by the time petitioner next sought post-conviction review in the

20 state courts in February 2008, the statute of limitations had long expired and his subsequent state

21 petitions did not toll the limitations period.  Respondent concludes that petitioner's July 27, 2010

22 federal habeas petition was filed years after the tolling-adjusted AEDPA deadline and is time-

23 barred.

24         In opposing the motion to dismiss, petitioner does not dispute respondent's

25 statutory tolling analysis.  Rather, he argues that he is entitled to equitable tolling of the

26 limitations period because it was not until July 28, 2007, while researching his case in the Folsom

3

1    Prison Law Library, that he learned of the Supreme Court's decision in Cunningham v. California,

2    549 U.S. 270 (2007), which "[c]hang[ed] the California Sentencing Law."  Petitioner claims that

3    "prior to the (new) Constitutional law, no other case law applied to petitioner['s] sentence"; he

4    states that he has diligently pursued his legal rights.  (Dkt. No. 28.)

5              In reply, respondent asserts that Cunningham is inapplicable to petitioner's

6    sentence and the petition raises no Cunningham claim.  Thus petitioner's 2007 discovery of the

7    Supreme Court's decision in Cunningham does not equitably toll the limitations period and the

8    petition is untimely.

9                    STATUTE OF LIMITATIONS UNDER THE AEDPA

10             Because this action was filed after April 26, 1996, the provisions of the

11   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v.

12   Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The

13   AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title

14   28 U.S.C. § 2244 provides as follows:

15             (d) (1)  A 1-year period of limitation shall apply to an application
                for a writ of habeas corpus by a person in custody pursuant to the
16              judgment of a State court.  The limitation period shall run from the
                latest of –
17
18                 (A)  the date on which the judgment became final by the
                conclusion of direct review or the expiration of the time for seeking
                such review;
19
20                 (B)  the date on which the impediment to filing an
                application created by State action in violation of the Constitution
                or laws of the United States is removed, if the applicant was
21              prevented from filing by such State action;

22                 (C)  the date on which the constitutional right asserted was
                initially recognized by the Supreme Court, if the right has been
23              newly recognized by the Supreme Court and made retroactively
                applicable to cases on collateral review; or
24
25                 (D)  the date on which the factual predicate of the claim or
                claims presented could have been discovered through the exercise
                of due diligence.
26

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable."  See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In reviewing habeas petitions from California, the Ninth Circuit formerly employed a rule that where California courts did not explicitly dismiss a habeas petition for lack of timeliness, the petition was presumed timely.  The United States Supreme Court has now rejected this approach and requires the lower federal courts to determine whether a state habeas petition was filed within what California would consider a reasonable period of time.  Chavis, 546 U.S. 189.  When a state post-conviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2).  Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)); see also Carey, 536 U.S. at 226.  However, in the absence of a clear indication that petitioner's state habeas petitions were denied as untimely, this court is now charged with the duty of independently determining whether petitioner filed his state habeas petitions within what California would consider a reasonable time.  Chavis, 546 U.S. at 198.

////

////

5

ANALYSIS

I. Commencement of the Running of the Limitation Period

In the present case, no circumstances appear to warrant the application of § 2244(d)(1)(B) through (D).  While petitioner's statements regarding his 2007 discovery of the Supreme Court's decision in Cunningham may be read to argue that § 2244(d)(1)(C) applies and the limitations period did not begin until 2007, the undersigned rejects any such argument.

Under § 2244(d)(1)(C), the limitation period begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Here, the petition does not assert a constitutional right recognized by Cunningham, which held that, except for a prior conviction, any fact that increases the penalty for a crime beyond the middle term as specified by California law must be submitted to a jury.  549 U.S. 270, 288-289.  Petitioner does not claim in his petition that an upper term sentence was imposed in violation of Cunningham, and in fact, Cunningham does not apply to the sentence imposed in this case.

First, Cunningham does not apply to petitioner's indeterminate sentence of 40 years to life.  See Chambliss v. Harrington, 2011 WL 5554023 at *21 (E.D. Cal. 2011) ("Fatal to petitioner's [Cunningham] claim . . . is the fact that he was sentenced under California's indeterminate sentencing scheme, not its determinate sentencing scheme.  As a result, his sentence was not based on a judicial selection of an upper term as was the case in Cunningham."), citing People v. Black, 41 Cal. 4th 799 (2007) (Cunningham does not apply to indeterminate sentencing).

Cunningham does not apply to petitioner's determinate term either, because the trial court did not impose any upper term sentence.  Rather, for Count 2, assault with a firearm, the trial court imposed a mid-term sentence of three years for violation of Cal. Penal Code § 245(a)(2), plus a mid-term sentence of four years for the §12022.5 enhancement, for a total of a

1  seven-year determinate term.  For Count 3, assault with a firearm, which "was basically the same

2  act, but it did involve different victims," the trial court imposed identical three- and four-year

3  mid-term sentences, to run concurrently with the seven-year term imposed for Count 2.  (Ptn., Ex.

4  D, Dkt. 1-3 at 41-43.)

5  In sum, putting aside the other requirements of § 2244(d)(1)(C), the undersigned

6  finds that this provision is inapplicable because petitioner  does not "assert a constitutional right

7  recognized" by the Supreme Court's 2007 decision in Cunningham.  Thus, the court will

8  determine the date on which the judgment became final within the meaning of § 2244(d)(1)(A).

9  Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which

10  the judgment became final by the conclusion of direct review or the expiration of the time for

11  seeking such review."  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  The statute

12  commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal

13  appeals in the state court system, followed by either the completion or denial of certiorari

14  proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the

15  conclusion of all direct criminal appeals in the state court system followed by the expiration of the

16  time permitted for filing a petition for writ of certiorari.  Wixom, 264 F.3d at 897 (quoting Smith

17  v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

18  Here, petitioner's direct review concluded when his petition for review was denied

19  by the California Supreme Court on December 12, 2001.  The time for seeking further review

20  expired ninety days later, when the period in which petitioner could petition for a writ of certiorari

21  from the United States Supreme Court expired.  Supreme Court Rule 13; Bowen v. Roe, 188 F.3d

22  1157, 1159 (9th Cir. 1999).  Thus, the limitation period began to run on March 12, 2002 and

23  concluded one year later on March 12, 2003.  28 U.S.C. § 2244(d)(1); Fed. R. Civ. P. 6(a).

24  Because the instant petition was not constructively filed until July 2010, absent

25  tolling the petition is time-barred.

26  ////

II.  <u>Statutory Tolling</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2).

State time limits are conditions to filing which render a petition not properly filed. <u>Pace</u>, <u>supra</u>, 544 U.S. at 417.  When a state court rejects a petition for post-conviction relief as untimely, the petition is not a "properly filed" application for post-conviction or collateral review within the meaning of § 2244(d)(2), and thus it does not toll the running of the limitation period. <u>Id</u>.

Here, petitioner filed several state post-conviction collateral challenges.  The first such petition, pending between August 27, 2002 and February 11, 2003 in the California Supreme Court, served to toll the limitations period for 5/12 months, as respondent concedes.  However, petitioner's next state habeas petition, filed five years later, and all subsequent state habeas petitions, were not filed within a "reasonable" time and thus have no tolling effect under the statute.  <u>See</u> <u>Chavis</u>, <u>supra</u>, 546 U.S. at 201 (unexplained delay of six months not a "reasonable" delay for tolling purposes); <u>see</u> <u>also</u> <u>Bonner</u>, <u>supra</u>, 425 F.3d at 1148 (when a state post-conviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2)).  Thus, absent equitable tolling, the petition is time-barred.

III.  <u>Equitable Tolling</u>

Petitioner argues for equitable tolling based on his 2007 discovery of the <u>Cunningham</u> case, which he claims is the only case that applies to his sentence.  This argument lacks merit: For the reasons discussed above, <u>Cunningham</u> does not apply to petitioner's sentence. The fact that petitioner learned of <u>Cunningham</u> in 2007 and subsequently filed a series of habeas petitions in the state courts does not excuse the untimeliness of the instant federal petition, which does not raise a <u>Cunningham</u> claim.  Thus the undersigned will recommend that the petition be

1    dismissed as untimely.

2         Accordingly, IT IS HEREBY RECOMMENDED that:

3         1. Respondent's March 18, 2011 motion to dismiss for untimeliness (Dkt. No. 21)

4    be granted; and

5         2.  The petition (Dkt. No. 1) be dismissed.

6         These findings and recommendations are submitted to the United States District

7    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

8    one days after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11   shall be served and filed within fourteen days after service of the objections.  The parties are

12   advised that failure to file objections within the specified time may waive the right to appeal the

13   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14    Dated: December 8, 2011

15                                         _____
16                                         CAROLYN K. DELANEY
                                           UNITED STATES MAGISTRATE JUDGE
17

18

19   2
20   chap2292.mtd

21

22

23

24

25

26